# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

December 3, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD D. CUDAHY, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 07-1055 | Appeal from the United States District Court |
| ANTOINETTE PIRANT, | for the Northern District |
| *Plaintiff-Appellant*, | of Illinois, Eastern Division. |
| *v.* | No. 03 C 9383 |
| UNITED STATES POSTAL SERVICE, | Joan Humphrey Lefkow, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Based on the petition for panel rehearing filed on November 3, 2008, by Defendant-Appellee United States Postal Service, the panel opinion issued on September 4, 2008, is hereby modified as follows:

- Footnote number 2 on page 12 of the slip opinion is deleted.

- Pages 12 and 13 of the slip opinion are modified to delete the full paragraph that begins "In *Gorman v. Consolidated Edison Corp.,* 488 F.3d 586, 594 (2d Cir. 2007) . . ." and to remove certain text from the final two paragraphs of the opinion. Pages 12 and 13 now read:

  noted, however, that "changing clothes and showering under normal conditions" generally would not be compensable. *Id*. at 332; *see also* 29 C.F.R. § 790.7(g) ("[o]ther types of activities which . . . would be

considered 'preliminary' or 'postliminary' activities, include . . . changing clothes, washing up or showering"); *Reich v. IBP, Inc.*, 38 F.3d 1123, 1126 n.1 (10th Cir. 1994) (requiring employees to put on safety glasses, earplugs, and a hard hat "is no different from having a baseball player show up in uniform, a businessperson with a suit and tie, or a judge with a robe"); *Anderson v. Pilgrim's Pride Corp.*, 147 F. Supp. 2d 556 (E.D. Tex. 2001) (donning of aprons, smocks, gloves, boots, hairnet, and earplugs not compensable).

Here, Pirant was not required to wear extensive and unique protective equipment, but rather only a uniform shirt, gloves, and work shoes. The donning and doffing of this type of work clothing is not "integral and indispensable" to an employee's principal activities and therefore is not compensable under the FLSA. It is, instead, akin to the showering and changing clothes "under normal conditions" that the Supreme Court said in *Steiner* is ordinarily excluded by the Portal-to-Portal Act as merely preliminary and postliminary activity. Accordingly, the district court properly concluded that Pirant is not entitled to include this time in her hours-of-service total for purposes of the FMLA.

AFFIRMED.

The petition for rehearing is otherwise denied.